IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:18-cr-00054 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| TAHLIK RAHIM SHINE ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Defendant Tahlik Rahim (or Rakim) Shine, proceeding *pro se*, filed motions for compassionate release due to COVID-19[1] and pursuant to the Eighth Amendment.[2] (Dkt. Nos. 61, 65.) The court appointed the Federal Public Defender (FPD) to represent Shine, but it declined to file any pleadings in support of defendant's motions. (Dkt. No. 69.) The government responded to the motion (Dkt. No. 73), and the court finds that no hearing on the motion is necessary. For the reasons stated below, the court will deny Shine's motion.

I. BACKGROUND

In 2018, Shine was charged in a three-count indictment with possession with intent to distribute a mixture and substance containing cocaine, possession of a firearm in furtherance of a drug trafficking offense, and possession with intent to distribute 50 grams or more of methamphetamine. On October 7, 2019, Shine pled guilty to the latter two counts.

---

[1] The motions are submitted on a fill-in-the-blank form that cites to 18 U.S.C. § 4205(g) and 18 U.S.C. § 3621(c)(1), in addition to the appropriate compassionate release statute found at 18 U.S.C. § 3582(c)(1)(A). It appears that 18 U.S.C. § 4205(g) was repealed, effective November 1, 1987, but is controlling for inmates whose offense pre-date the repeal. *See* 28 C.F.R. § 572.40. Section 3621(c) references delivery of commitment orders and does not apply here. The second form motion implies that it may be a motion for reconsideration, but the court had not yet ruled on the first motion. It also notes difficulties with exhaustion, but exhaustion is waived by the United States.

[2] An Eighth Amendment claim is not properly brought before the court by way of a motion for compassionate release. *See United States v. Robertson*, 2021 WL 1343049, *1 n.2 (W.D. Va. April 8, 2021); *United States v. Hartley*, 2020 WL 5550394, *1 (W.D.N.C. September 16, 2020) (and cases cited therein).

For guideline calculations, Shine was held accountable for 304.2104 kilograms converted drug weight (cocaine and methamphetamine). (PSR ¶ 7, Dkt. No. 50.) The guideline range was 41 to 51 months, but the statutorily required minimum sentences were sixty months for count two and a consecutive 60 months for count three. (*Id.* 55.) The court sentenced Shine to sixty months on each count to run consecutively. According to BOP records, Shine is due to be released on May 17, 2027, and he is now housed at Bennettsville FCI.[3]

Here, Shine's form motions state general concerns about Covid-19 and the BOP response thereto. He fails to make any specific allegations regarding his own circumstances.

## II. ANALYSIS

### A. Compassionate Release

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

Thus, after considering any applicable § 3553(a) factors, if the court finds extraordinary and compelling reasons warrant a reduction and if it finds a reduction consistent with any applicable

---

[3] *See* https://www.bop.gov/inmateloc/ under the name Tahlik Rakim Shine (last visited May 12, 2022).

Sentencing Commission policy statements, it may reduce a term of imprisonment.  However, "the Commission has yet to issue a policy statement that applies to motions filed by defendants [rather than motions filed by BOP] under the recently amended § 3582(c)(1)(A)."  *United States v. Burnell*, 837 F. App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)).  *See also United States v. Hargrove*, 30 F.4th 189 (4th Cir. 2002).  The court, may, nonetheless, look to U.S.S.G. § 1B1.13 for guidance.  *McCoy*, 981 F.3d at 282 n.7.

Because section 1B1.13 provides guidance and the Fourth Circuit has noted that it provides examples and, at least in the medical context, defines "the same substantive term that applies to BOP-filed motions," *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021), the court notes the guidance from that section.  Section 1B1.13, regarding medical conditions, notes terminal illness and conditions from which a defendant is not expected to recover that substantially diminish defendant's ability to care for himself in a correctional facility (including serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process).  Of course, this guidance is not controlling.

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted."  *See Hargrove,* 30 F. 4th at 195 (noting the information provided by the inmate "to carry his burden of demonstrating that his medical conditions served as an extraordinary and compelling reason for release."); *United States v. Brewington*, 2019 WL 3317972, at *2 (W.D. Va. July 24, 2019).  *See also United States v. Weaver*, No. 1:17-CR-235, 2020 WL 4810123 (E.D. Va. Aug. 18, 2020) (citing *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56-57 (2005) (defendant bears burden as party seeking relief absent statutory guidance to the

contrary)). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t).

## B. Exhaustion

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. Shine requested compassionate release from the warden on October 28, 2020, and his request was denied on November 20, 2020. (Dkt. No. 65-1.) There is no indication that he appealed that decision.

Pursuant to the exhaustion requirement, an inmate is required to either fully exhaust all administrative remedies or show the lapse of 30 days from receipt of the request by the warden, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Under the first condition, if the warden denies the request within 30 days, the inmate then must exhaust his or her administrative remedies. The second method of exhaustion is only available if the warden fails to respond within 30 days. *See, e.g., United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Gomez*, No. 1:17CR71-1, 2021 WL 3612269, *2 (N.D. W. Va. Aug. 13, 2021); *United States v. Jones*, No. 5:13-cr-00025, 2021 WL 32883555, *2 (W.D. Va. Aug. 2, 2021). The government may waive this requirement, and it has done so here.

## C. Extraordinary and Compelling Reasons

Because an inmate is not eligible for compassionate release in the absence of extraordinary and compelling reasons, *High*, 997 F.3d at 186, the court looks to whether Shine has provided such reasons. The fact that COVID-19 exists and that there is a possibility that

4

someone may contract it in a prison is insufficient, in and of itself, to grant a motion for compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, in the context of COVID-19,

> the threshold questions are whether [the inmate] has a particularized risk of contracting COVID-19 in prison and whether his medical conditions render him particularly susceptible to severe illness or death should he contract the virus. *See High*, 997 F.3d at 185 (explaining that arguments for compassionate release "based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19").

*United States v. Youngblood*, 858 F. App'x 96, 98 (4th Cir. 2021).

Shine does not suffer from any health condition that places him at a higher risk for severe illness if he contracts COVID-19, and he appears to be a young man in good health. (Gov't Ex. B, Dkt. No. 73-2 (sealed medical records found at Dkt. No. 75).) He has failed to show any medical condition that renders him susceptible to severe effects of COVID-19 and makes no effort to show a particularized risk of contracting COVID-19 in prison, other than speculation. Given the absence of extraordinary and compelling reasons, the court will deny his motions and need not analyze the § 3553(a) factors.

### III.  CONCLUSION

For the reasons stated above, it is hereby ORDERED that Shine's motions for compassionate release (Dkt. Nos. 61, 65) are DENIED. The clerk is directed to provide a copy of this order to the defendant, all counsel of record, and the United States Probation Office.

Entered: May 13, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge